UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

COREY EDWARD FISHERMAN,                    Case No. 17-CV-2320 (PJS/ECW)

          Plaintiff,

v.                                                                    ORDER

JARED MCGRIFF, BRADLEY DUPRE,
KRISTIN JACOBS, VICKI DEAN-
GRAMLICH, JACK SERIER, and
"KRISTIN,"

          Defendants.

---

    Corey Edward Fisherman, pro se.

    Robert B. Roche, RAMSEY COUNTY ATTORNEY'S OFFICE, for defendant.

    This matter is before the Court on plaintiff Corey Edward Fisherman's objection to the November 4, 2019 Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright.[1] Judge Wright recommends granting defendant Jared McGriff's motion for summary judgment and dismissing Fisherman's sole remaining

---

[1] Fisherman's objection does not identify any factual finding or conclusion of law with which he disagrees. Instead, Fisherman's objection consists of a single sentence: "[I] would like to file objection to Report and Recommendation." ECF No. 138. Fisherman thus fails to comply with Fed. R. Civ. P. 72(b)(2), which requires "specific written objections to the proposed findings and recommendations." *See also Fisherman v. Augdahl,* No. 15-CV-3180 (JRT/BRT), 2017 WL 465450, at *2 (D. Minn. Feb. 3, 2017) ("The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." (citation and quotation marks omitted)). Nonetheless, the Court has conducted a de novo review of the R&R.

claim. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Fisherman's objection and adopts the R&R.

Although Fisherman initially brought a number of claims against a number of defendants, Fisherman's only remaining claim is against McGriff in his individual capacity. Specifically, Fisherman alleges that McGriff used excessive force while restraining Fisherman during an altercation at the Ramsey County Jail.[2] At the time, Fisherman was being confined after he had been convicted of aggravated robbery but before he had been sentenced. ECF No. 120 at 3. This fact is significant because the constitutional standard that applies to an excessive-force claim depends on the status of the plaintiff at the time that the allegedly excessive force was used. *See Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001) ("[T]he constitutional standard applied may vary depending on whether the victim is . . . a pretrial detainee, or a convicted inmate of a penal institution."). When the plaintiff is a pretrial detainee being held at a state institution, the applicable constitutional provision is the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). When the plaintiff is an inmate who has been convicted and sentenced to a term of imprisonment, the applicable constitutional provision is the Eighth Amendment's

---

[2]Fisherman's other claims were dismissed on February 13, 2019. *See* ECF No. 93.

prohibition of cruel and unusual punishment. *See Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). Fisherman fits neither of these categories, however, as he was a convicted inmate awaiting sentencing at the time of the altercation with McGriff. *See Davis v. Lancaster Cty*, No. 4:06CV3169, 2007 WL 1321737, at *3 (D. Neb. Apr. 2, 2007) (excessive-force claims brought by inmate awaiting sentencing "do not fit neatly into an analysis of the constitutional standards based on his status as a pre-trial detainee or as a convicted prisoner").

Fisherman has not identified the constitutional standard that he believes applies to his claim. McGriff argues for application of the objective-reasonableness standard of the Fourteenth Amendment. ECF No. 100 at 8-12. Judge Wright applies the malicious-and-sadistic standard of the Eighth Amendment.[3] ECF No. 137 at 10-12. Neither the Supreme Court nor the Eighth Circuit has directly addressed the question of which standard applies to an excessive-force claim of a detainee who has been convicted but not sentenced, and the circuits are divided.[4] The Eighth Circuit has, however, held that

---

[3]In his response to Fisherman's objection, McGriff agrees that Judge Wright applied the proper standard. ECF No. 139 at 2-3.

[4]*Compare Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) ("We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, who are detained primarily to ensure their presence at trial and who cannot be punished."), *with Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("The Cruel and Unusual Punishments Clause, however, does not apply until an inmate has been both convicted of and sentenced for his crimes. Thus, an
(continued...)

when a convicted-but-unsentenced detainee challenges the conditions of his or her confinement, the challenge is governed by the Eighth (and not the Fourteenth) Amendment. In *Whitnack v. Douglas County*, the Eighth Circuit considered conditions-of-confinement claims brought by two plaintiffs—one a pretrial detainee, the other a convicted inmate awaiting sentencing. 16 F.3d 954 (8th Cir. 1994). The Eighth Circuit described the pretrial detainee's claim as arising under the Fourteenth Amendment and the unsentenced inmate's claim as arising under the Eighth Amendment. *Id*. at 957. In light of *Whitnack*, the Court agrees with Judge Wright that Fisherman's claim should be analyzed under the Eighth Amendment—and, after

---

⁴(...continued)
inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection." (citations omitted)), *and Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (Fourteenth Amendment applies to excessive-force claim of inmate awaiting sentencing because "'the State does not acquire the power to punish with which the Eighth Amendment is concerned'" until defendant is both convicted and sentenced (quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977))).

District courts are similarly divided. *Compare Manley v. Grossman*, 13-CV-1974 (KMK), 2017 WL 4326541, at *8 (S.D.N.Y. Sept. 27, 2017) (excessive-force claims brought by inmates awaiting sentencing are governed by Eighth Amendment), *and Taylor v. San Bernardino Cty. Sheriff's Dep't*, No. EDCV 14-1190-AG (JEM), 2017 WL 2789502, at *5 (C.D. Cal. Mar. 31, 2017), *Report and Recommendation adopted*, 2017 WL 2784832 (C.D. Cal. June 27, 2017) (same), *with Pitts v. Espinda*, No. 15-0483 (JMS/BMK), 2016 WL 475137, at *5 (D. Haw. Feb. 8, 2016) ("The Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction *and sentence*.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989))).

reviewing the record, the Court further agrees with Judge Wright that McGriff is entitled to summary judgment on that claim.

Out of an abundance of caution, however, the Court notes that even if Fisherman's claim were governed by the Fourteenth Amendment, the Court would dismiss it.[5] A detainee who claims that an officer's use of force violated his rights under the Due Process Clause of the Fourteenth Amendment must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. Whether force was objectively unreasonable is judged "'from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.'" *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 135 S. Ct. at 2473). In making this determination, courts

---

[5]*Whitnack* leaves some doubt about whether an excessive-force claim of an inmate who has been convicted but not sentenced should be analyzed under the Eighth or Fourteenth Amendment. As noted, *Whitnack* addressed conditions-of-confinement claima—not excessive-force claima—and in holding that the Eighth Amendment applied, the Eighth Circuit did not elaborate on its reasoning or cite to any relevant authority. The Eighth Circuit noted, however, that the Eighth and Fourteenth Amendments provide identical protections to inmates and pretrial detainees challenging the conditions of their confinement. *Id*. The same cannot be said about claims alleging excessive force. An inmate asserting that an officer's use of force violated his Eighth Amendment right to be free from cruel and unusual punishment must show that the force was applied "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. A pretrial detainee, by contrast, need only show that the force was deliberately applied and objectively unreasonable; a pretrial detainee need not prove anything about the officer's subjective intent. *Kingsley*, 135 S. Ct. at 2472-73. Because *Whitnack* is not directly on point, the Court analyzes Fisherman's claim under both the Eighth and Fourteenth Amendments.

must consider the legitimate interests arising from the need to manage the jail, and must appropriately defer to "'policies and practices that in the judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)). Relevant factors include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The officer's subjective intent—which is critical under the Eighth Amendment—is irrelevant under the Fourteenth Amendment. *Id*.

As Judge Wright explains, Fisherman's excessive-force claim is based on two incidents that occurred on the same day:

The first incident occurred after Fisherman refused correctional officers' repeated instructions to "lock in" to his cell, built a barricade using furniture in a common area of the jail, and told officers in vulgar language to "come and get me." *See* ECF Nos. 102, 104, 106, 108, 110, 112, 114, 118. McGriff was one of several officers who responded by forcibly restraining Fisherman and escorting him to a holding cell. ECF No. 104. During the course of this altercation Fisherman attempted to hit McGriff, and McGriff

struck Fisherman "several times" while he and another officer "drug him to the floor." *Id*.

The second incident occurred after Fisherman (who had been left alone in a holding cell) slipped his handcuffs to the front of his body and broke a sprinkler head, causing a large area of the jail to flood. *See* ECF Nos. 102, 104, 106, 110, 112, 116, 118. Responding officers repeatedly ordered Fisherman to put his hands through the food pass in the cell door so that he could be moved. ECF Nos. 102, 106, 118. Fisherman refused, and placed a metal object in his mouth. ECF Nos. 102, 110. Officers sprayed a chemical irritant into the cell, forcibly restrained Fisherman, and placed him on a restraint chair. ECF Nos. 102, 104, 106, 110, 112, 118. McGriff was one of several officers who entered the holding cell, helped to move Fisherman's handcuffs behind his back, and transported him to the restraint chair. ECF No. 104.

After a careful review of the record (including video recordings of both incidents), the Court concludes that McGriff's actions were objectively reasonable. Fisherman actively resisted officers' attempts to restrain him and refused to follow officers' clear, repeated instructions. Fisherman created an active and ongoing threat to the safety and security of the jail by (1) refusing to lock himself into his cell, (2) building a barricade in an attempt to prevent officers from reaching him, (3) breaking a sprinkler head, and (4) placing a piece of metal into his mouth. Prior to striking Fisherman

during the first incident, McGriff reasonably perceived that Fisherman was prepared to fight and that Fisherman had attempted to hit him first. ECF Nos. 104, 114. And finally, although Fisherman states that he deals with depression "because of what happen[ed]," he has not otherwise made any representations or introduced any evidence regarding the severity of his injuries. ECF No. 7 at 2.

For these reasons, the Court finds that McGriff's actions did not amount to an objectively unreasonable application of force. *Cf. Ryan*, 850 F.3d at 424-28 (officers attempting to remove plaintiff from his cell did not use unreasonable force where plaintiff was "knocked to the floor" and tased twice, became unresponsive, and later died). Therefore, even if Fisherman's claim against McGriff should be analyzed under the Fourteenth Amendment, the claim must be dismissed. *See Johnson v. Moody*, 903 F.3d 766, 773 (8th Cir. 2018) ("To defeat a motion for summary judgment based on qualified immunity, the plaintiff must put forth facts" showing a violation of a clearly established constitutional right).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 138] and ADOPTS the R&R [ECF No. 137]. IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 98] is GRANTED.

2. Plaintiff's sole remaining claim—an individual-capacity claim against defendant McGriff—is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 23, 2020                 s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge